clusion is that the trial court's instructions to the jury was correct in this particular.

Plaintiff in error cites the case of **Cohoon v. Kincoon, 46 OS., 590.** In the first proposition of the syllabus the following principal is announced:

"Where a party occupies premises as a tenant upon an uncertain tenure, and suit is brought to recover for use and occupation for the time occupied, the rule applicable to the case is, what was the fair rental value of the premises as occupied under all the circumstances of the case? And it is competent for the defendant to prove the rental value for the time so occupied."

This case is in point and sustains the contention of the defendant in error here. Further discussion of the issues raised in this case will not be necessary or profitable. For the reasons given the demurrers to the petition, the amended petition and the evidence were properly overruled by the trial court and the correct rule of damages was given in charge to the jury, and there being no reversible error disclosed by the Record, the judgment is affirmed.

Pollock and Roberts, JJ., concur.

## PHILLIPS etc v HUME et

Ohio Supreme Court
No 21846. Decided Feb. 19, 1930

Marshall, CJ., Kinkade, Robinson, Matthias, Day and Allen, JJ., concur.

## SWEENY, Recr v KEYSTONE DRILLER CO

Ohio Supreme Court
No 21886. Decided Feb. 19, 1930

Kinkade, Robinson, Jones, Day and Allen, JJ., concur.

## FOURTH & CENTRAL TRUST CO v ROWE, Admr Etc.

Ohio Supreme Court
No 21789. Decided Feb. 19, 1930

Marshall, CJ., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.